## J. H. WYNN *v.* W. W. STONE, Auditor.

1. TAX-TITLE. *Act of 1884. Auditor's deed. Payment in levee bonds.*

    Section three of the act of March 5, 1884 (Laws, p. 184), abolished the levee board of the state of Mississippi, district No. 1, and provided that the auditor might receive the outstanding bonds and coupons of said levee board in the redemption and purchase of lands before that sold for nonpayment of district No. 1 levee taxes, *to the extent that said levee taxes were then due and unpaid* for all years preceding, up to, and including March 17, 1883. This act repealed all statutes which made such bonds receivable in whole or part for the *state and county* taxes due upon such redemption or purchase.

2. SAME. *Payment in levee board bonds. Deed void.*

    Therefore where the auditor, after the passage of said act, has made deeds to lands so held by the state, accepting in part payment of the state and county taxes due thereon bonds of the said levee board, district No. 1, the deeds are void, and the lands continue to be held by the state.

3. SAME. *Invalid sale. Subsequent purchase. Mandamus.*

　　The auditor cannot, because of such unauthorized sale, refuse to execute a deed to one who afterwards applies to purchase any of said lands, and who tenders in money the requisite amount; and if he refuses, mandamus will lie to compel execution of the deed.

FROM the circuit court of the first district of Hinds county. J. B. HARRIS, ESQ., a member of the bar, special judge by consent.

By several acts of the legislature prior to 1884 it was provided that the auditor should accept, either in whole or in part, in purchase or redemption of lands lying within any of the levee districts and held by the state or any of the levee boards, outstanding bonds and coupons of the levee district or districts in which the land sought to be purchased was situated. See Laws 1871, p. 37; Laws 1876, p. 166; Laws 1878, p. 241.

　　The last of these statutes permitted all accrued taxes, except for the last fiscal year, to be paid in levee bonds or coupons. The acts of 1871 and 1876 were expressly repealed by the act of March 5, 1884 (Laws, p. 184), which, among other things, abolished and dissolved the levee board of the state of Mississippi, district No. 1.

　　Section 3 of the said act of 1884 is as follows: "The auditor of public accounts, as state auditor, may receive the bonds and coupons of said former levee board of the state of Mississippi, district No. 1, in the redemption or purchase of lands heretofore sold for the non-payment of district No. 1 levee taxes, to the extent that said levee taxes are now due and unpaid, for all years preceding, up to, and including the year [ending] March 17, 1883."

　　In 1884, E. & S. Virden made application to the auditor to purchase a large quantity of lands in Tallahatchie county, then held by the state under sales for taxes theretofore made to the state and to the No. 1 levee board. They paid to the auditor the state and county taxes due thereon for the year

1884 in money, but the state and county taxes of all previous years which were delinquent they paid in bonds and coupons of the said levee board, district No. 1, and received conveyances from the auditor. Afterwards, in 1889, appellant J. H. Wynn, claiming that said sales were illegal, tendered to the auditor in money the accrued taxes, ignoring the sale to E. and S. Virden, and demanded deeds therefor. The auditor refused, on the ground that the lands had already been conveyed and were not held by the state. Thereupon Wynn instituted this proceeding, seeking by mandamus to compel the auditor to execute conveyances.

The plea of the auditor set up the former sale and conveyances to E. and S. Virden, and that the lands had not since such conveyances been held or claimed by the state. To this plea the plaintiff filed two replications : (1) That the bonds and coupons of the No. 1 levee·district, in which payments had been made by E. and S. Virden, were on their face payable in gold coin and therefore void (*Woodruff* v. *State*, 66 Miss., 298) ; (2) that all the lands lie east of Tallahatchie river and south of McIver's creek, which is thought by plaintiff to be equivalent to alleging that they lie without the levee territory. See Laws 1858, p. 33; Laws 1867, p. 237; Laws 1871, p. 41.

To the first replication the defendant rejoined that the bonds and coupons were in all things in accordance with the act creating the said levee board, save only that they were on their face payable in gold coin.

To the second replication the defendant demurred, because it did not allege that the lands were outside of the No. 1 levee district, and the demurrer was sustained. Plaintiff filed a demurrer to the rejoinder, which was overruled, and, as plaintiff declined to plead further, judgment final was rendered for the defendant dismissing the cause.

.The question presented by the second replication as to whether the lands were within or without the levee district was much controverted. This court sustains the rulings of the court below on the pleadings subsequent to the plea, and

therefore holds that said lands lie within the levee district; but, as the result would be the same in either view of this question, it is not deemed necessary to set out the statutes or the arguments touching this point.

*J. H. Wynn, pro se.*

If E. and S. Virden did not pay the auditor with proper funds, no title passed and the lands remained subject to purchase. *Clements* v. *Anderson*, 46 Miss., 581; *McCulloch* v. *Stone*, 64 *Ib.*, 378; *Murdock* v. *Chaffe*, 67 *Ib.*, 740.

Taxes are payable in money (Code 1880, § 512), and the auditor could accept no other funds except by special statute. If the lands lay without the levee district, the special acts relied on to authorize payment in bonds of the levee board have no application. If the lands were in district No. 1, payment in bonds was not authorized, because the act of 1884 repeals all prior statutes on the same subject and lays down the only rule for the payment. It provides, in effect, that district No. 1 taxes which accrued prior to March 17, 1883, might be paid in bonds, but after that the state and county taxes should be paid as all other state and county taxes.

Defendant's demurrer brings into review the whole record, and applies to the first defect in pleading. *McGavock* v. *Whitfield*, 45 Miss., 452. It should, therefore, be extended to the plea.

*Perkins & Percy*, for appellee.

Filed a lengthy brief and argument, reviewing the entire history of legislation in reference to the levee districts and the collection of levee taxes, contending that the use by E. and S. Virden of bonds and coupons of the levee board in paying the auditor was authorized under the several statutes prior to the act of 1884, and, as to the controlling question in the opinion, making the following points:

The act of 1884 did not change the law in reference to such payments. The previous act of 1878 dealt with the

question of the payment of state and county taxes in levee bonds; that of 1884 with the collection of levee taxes merely. It does not once mention state and county taxes. Nor, looking to the scope of the act, is there the slightest implication with regard to such taxes. Repeals by implication are not favored. The repugnancy between the former and the latter statute must be so positive as to be irreconcilable by any fair, strict, or liberal construction which would, without destroying the evident intent, find for the latter statute a reasonable field of operation. Endlich, Interp. Stat., § 210; Potter, Dwarris, Stat., §§ 154, 155.

It is admitted that the auditor, in discharging the daily functions of his office ever since the act of 1878, has uniformly construed the law to be that he must require the state and county taxes of the year of purchase to be paid in money, and that the taxes of all other years might be paid in levee bonds. It is settled that in cases of a doubtful and ambiguous law the contemporaneous construction of those called upon to carry it into effect is of great respect. *Hahn* v. *United States,* 107 U. S., 402; *Union Ins. Co.* v. *Hodge,* 21 How., 35; *Peabody* v. *Stark,* 16 Wall., 240.

The construction thus given and the statute will not be overruled without cogent reasons. *United States* v. *Moore,* 95 U. S., 760; *Brown* v. *United States,* 113 U. S., 568; Endlich, Interp. Stat., § 630.

Argued orally by *J. H. Wynn, pro se,* and *Calvin Perkins,* for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

After the passage of "An act to repeal an act to redeem and protect from overflow from the river Mississippi certain bottom lands herein described, approved March 17, 1871, and for other purposes," approved March 5, 1884, and found in acts of 1884, p. 184, it was no longer lawful for the auditor of public accounts to receive, in payment for lands sold by him,

bonds and coupons of district No. 1, except in payment of levee taxes accrued on such lands prior to March 17, 1883. The language of the act is express that those evidences of debt may be received by the auditor only for levee taxes accrued on those lands up to the time just mentioned; and, upon the rule that the expression of one thing is the exclusion of every other, it must be held that the auditor could no longer receive the bonds and coupons of levee district No. 1, except as authorized by this act. Its purpose is manifest, and its language explicit and free from doubt; and it repeals former laws which made the bonds and coupons of levee district No. 1 receivable for state and county taxes, because it and any former provision to that effect cannot stand together. The repugnancy is palpable and irreconcilable, and it seems strange to us that the error could have been considerately committed of supposing that, after the act of March 5, 1884, state and county taxes might be paid by the bonds and coupons mentioned. The act of March 17, 1871, which created levee district No. 1, authorized bonds to be issued, and levied taxes to redeem them for the period of twelve years. The period expired March 17, 1883, and the act of March 5, 1884, cited above, was passed, whereby the district (No. 1) was abolished and its official representatives were extinguished, and all trace of its existence as a levee district as far as possible removed; but, as taxes accrued for levee purposes during the twelve years for which they were levied were a charge on the lands on which they were imposed, it was provided by the act obliterating the district and its belongings that outstanding bonds and coupons of the district should be available in the purchase of the lands at the auditor's office to the extent that they were assumed to be a charge on the lands; that is, for the levee taxes accrued during the period of twelve years ending March 17, 1883— that far and no farther. No longer would the state receive these bonds and coupons for state and county taxes. For years they were made receivable for state and county taxes

in the redemption and purchase of these lands according to the several acts on the subject, but now, that the time for which taxes to pay them had been levied had expired, they were in future to be receivable by the auditor, on sale of these lands only for levee taxes accrued under the act of March 17, 1871. This is the unmistakable meaning of the act of March 5, 1884.

The mandamus should have been awarded. The court ruled correctly on the questions specifically presented by the pleadings following the plea, but it presents no bar to the petition, and the demurrer should have been extended to it and sustained.

*Judgment reversed, demurrer sustained to the plea, and cause remanded for defendant to answer over.*